UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Brian Petereit,                                                                                    25 Civ. 02903
                                                                                                         **ANSWER**

                            *Plaintiff*,

      -against-


Kings Point Auto LLC and Michael Goltche,

                            Defendants.

------------------------------------------------------------------x

      Defendants HEYBURN LLC et al. and PETER MICHAEL PERRIN (collectively, "Defendants"), by their attorney David Kasell, answer the Complaint ("Complaint") as follows. Except as expressly admitted, all allegations are denied.

      1.      Deny knowledge or information sufficient to form a belief regarding Plaintiff's principal place of business; therefore denied.

      2.      Deny.

      3.      Admit that Peter Michael Perrin resides in Oregon; otherwise denied.

      4.      Admit the existence of a document titled "Merchant Agreement for the Purchase and Sale of Future Receivables" ("Agreement") that recites an aggregate purchase price; deny Plaintiff's characterization and aver that the Agreement is, in substance, a high-interest loan.

      5.      Deny that the Agreement contains a valid or enforceable New York forum-selection or jurisdiction clause.

6. Admit designation of a bank account for automated clearing-house debits; deny any obligation to permit withdrawals exceeding the contractually stated percentage of receivables.

7. Lack knowledge or information sufficient to admit or deny Plaintiff's alleged funding; therefore denied.

8. Admit that the Agreement contains language captioned "Guaranty," which speaks for itself; deny that any such guaranty is valid or enforceable.

9. Deny that Defendants stopped payments in breach; Plaintiff first breached by attempting to debit sums far exceeding the agreed daily percentage.

10. Lack information as to whether ACH return code "R08" issued on or about 23 April 2025; deny that the return constitutes a default.

11. Deny that Defendants failed to deposit receivables into the designated account.

12. Deny the payment and balance figures, deny liability for any default fee, and deny obligation to pay the amounts claimed.

13. Deny enforceability of any attorney-fee provision.

14. Deny entitlement to prejudgment interest.

15. Deny allegation of non-payment.

16. Deny personal liability of Peter Michael Perrin under any guaranty.

17. Deny that any balance is due.

18.–27. Repeat foregoing responses; deny every remaining allegation.

28. Deny Plaintiff's entitlement to any relief set forth in the unnumbered "WHEREFORE" clause or elsewhere.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses, without assuming any burden other than those imposed by law, and reserve the right to amend or supplement as discovery proceeds.

### First Affirmative Defense — Failure to State a Claim

Plaintiff's pleadings, even if taken as true, omit essential elements of its contract and guaranty causes of action, including—but not limited to—allegations of a valid assignment of receivables, satisfaction of conditions precedent, and actual damages. Fed. R. Civ. P. 12(b)(6).

### Second Affirmative Defense — Civil and Criminal Usury

The Agreement is in economic substance a loan; the fixed repayment amount and unconditional personal guaranty guarantee repayment regardless of receivables volume. The resulting effective annual interest rate exceeds 25 percent, rendering the contract void ab initio under N.Y. Gen. Oblig. Law § 5-511 and N.Y. Penal Law § 190.40. See *Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320 (2021).

### Third Affirmative Defense — Violation of Public Policy

Enforcing an instrument that disguises a usurious loan as a "sale" would undermine New York's century-old statutory scheme against predatory lending. Courts deny enforcement where the economic reality contradicts the form.

### Fourth Affirmative Defense — Unconscionability

The Agreement was presented on a take-it-or-leave-it basis to financially distressed small businesses, contains one-sided terms (including a 10 percent "default fee," sweeping personal guaranty, and confession-of-judgment-type clauses), and therefore is both procedurally and substantively unconscionable.

### Fifth Affirmative Defense — Plaintiff's Prior Material Breach

Plaintiff first breached by unilaterally debiting amounts exceeding the bargained-for percentage of receivables, frustrating Defendants' performance and excusing any subsequent non-payment. A party in material breach cannot enforce the contract it has broken.

### Sixth Affirmative Defense — Lack of Standing / Real-Party-in-Interest

Plaintiff has not demonstrated a valid and perfected assignment of the receivables or complied with Article 9 of the U.C.C. or that it is registered to do business in New York or complied with publication laws of New York; therefore Plaintiff lacks standing to sue.

### Seventh Affirmative Defense — Payment, Offset, and Recoupment

Amounts already withdrawn by Plaintiff, together with unauthorized over-debits, equal or exceed any purported balance. Any recovery must be offset or reduced accordingly.

### Eighth Affirmative Defense — Failure to Mitigate Damages

Plaintiff had the ability and contractual option to reconcile collections to actual receivables and adjust debit schedules but chose instead to pursue litigation, thereby inflating its own losses.

### Ninth Affirmative Defense — Unclean Hands

Plaintiff's predatory lending practices, including charging criminally usurious rates and misrepresenting the true nature of the transaction, bar equitable relief.

### Tenth Affirmative Defense — Fraudulent Inducement

Plaintiff misrepresented the cost of funding, the true repayment schedule, and the enforceability of the contract, inducing Defendants to execute the Agreement. Such fraud voids or rescinds the instrument.

### Eleventh Affirmative Defense — Improper Venue and Lack of Personal Jurisdiction

Any forum-selection clause is invalid because it operates as a prospective waiver of usury

defenses and was not freely negotiated. Exercise of New York jurisdiction over Oregon or California domiciliaries would be unreasonable and violate due process.

### Twelfth Affirmative Defense — Laches, Waiver, and Estoppel

Plaintiff's delay in asserting its alleged rights, combined with its course of conduct permitting adjusted debit amounts, constitutes waiver and bars recovery.

### Thirteenth Affirmative Defense — Illegality and Failure of Consideration

Because the Agreement is void for criminal usury, no lawful consideration supports Plaintiff's claims, and the contract cannot be enforced.

### Fourteenth Affirmative Defense — Unenforceable Penalty

The 10 percent "default fee" is not a reasonable forecast of anticipated loss and operates as a penalty, unenforceable under New York law.

### Fifteenth Affirmative Defense — Good-Faith Defense (Gen. Oblig. Law § 5-501[6])

Defendants acted in good-faith reliance on the statutory assumption that the transaction complied with applicable lending laws; any violation renders the contract void without fault on Defendants' part.

### Sixteenth Affirmative Defense — Breach of Implied Covenant by Plaintiff

Plaintiff's arbitrary debit increases and refusal to reconcile remittances violated the implied covenant of good faith and fair dealing, thereby excusing performance.

### Seventeenth Affirmative Defense — Reservation of Additional Defenses

Defendants reserve all defenses available under Fed. R. Civ. P. 8(c) and 12(b) that may be revealed through discovery, including but not limited to accord and satisfaction and setoff.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

    a. Dismiss the Complaint with prejudice;

    b. Declare the Agreement and any guaranty void and unenforceable;

    c. Award Defendants costs, disbursements, and reasonable attorney's fees; and

    d. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issues so triable.

Dated: Long Island City, New York
July 9, 2025

/s/ *David Kasell*
David Kasell
Attorney for Defendants
Kasell Law Firm
1038 Jackson Ave., Suite 4
Long Island City, NY 11101
(718) 404-6668
dkasell@kaselllawfirm.com
